2-743168
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZIM INTEGRATED SHIPPING
SERVICES, LTD.,

                      Plaintiff,

       - against -

OMEGA SHIPPING CO., INC.,

                      Defendant.
------------------------------------------------------------X



10 CIV 8061

JUDGE PATTERSON

CIVIL COMPLAINT
IN ADMIRALTY

      Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD., by its attorneys, LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, as and for its Complaint against defendant OMEGA SHIPPING CO., INC., in personam, in a cause of action civil and maritime, alleges upon information and belief:

      1. This Court has maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and diversity jurisdiction pursuant to 28 U.S.C. Section 1332, the parties being citizens of different states, and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

      2. At all times hereinafter mentioned, plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. was and still is a corporation duly organized and existing under the laws of the State of Delaware with offices and a place of business at 5801 Lake Wright Drive, Norfolk, VA 23502.

      3. Upon information and belief and at all times hereinafter mentioned, defendant OMEGA SHIPPING CO., INC. was and still is a corporation organized and existing under the laws of the State of New York, with offices and a place of business at 50-52 Metro Way, Secaucus, NJ 07094, and an agent for service of process, Bennett I. Weiner, Esq., at 25 West 43rd Street, Suite 920, New York, NY 10036.

2-743168
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ZIM INTEGRATED SHIPPING
SERVICES, LTD.,

                Plaintiff,

- against -

OMEGA SHIPPING CO., INC.,

                Defendant.
----------------------------------------------------------X

10 CIV 8061

JUDGE PATTERSON

CIVIL COMPLAINT
IN ADMIRALTY



    Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD., by its attorneys, LAW OFFICES OF ALBERT J. AVALLONE & ASSOCIATES, as and for its Complaint against defendant OMEGA SHIPPING CO., INC., in personam, in a cause of action civil and maritime, alleges upon information and belief:

    1. This Court has maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and diversity jurisdiction pursuant to 28 U.S.C. Section 1332, the parties being citizens of different states, and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

    2. At all times hereinafter mentioned, plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. was and still is a corporation duly organized and existing under the laws of the State of Delaware with offices and a place of business at 5801 Lake Wright Drive, Norfolk, VA 23502.

    3. Upon information and belief and at all times hereinafter mentioned, defendant OMEGA SHIPPING CO., INC. was and still is a corporation organized and existing under the laws of the State of New York, with offices and a place of business at 50-52 Metro Way, Secaucus, NJ 07094, and an agent for service of process, Bennett I. Weiner, Esq., at 25 West 43rd Street, Suite 920, New York, NY 10036.

## AS AND FOR A FIRST CAUSE OF ACTION

4. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-3, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

5. On or about the 20th day of December, 1984, defendant entered into the Water/Motor Uniform Intermodal Interchange Agreement (the "Agreement") whereby, inter alia, defendant would be permitted to remove intermodal cargo containers and chassis (the "equipment"), owned or leased by plaintiff, from plaintiff's facilities, in exchange for which defendant would be required to return the equipment within the Free Days called for by the Agreement, or be subject to daily per diem charges until the equipment was returned (Exhibit A).

6. From on or about August of 2007 to the present, defendant removed the equipment and failed to return same within the Free Days allowed, incurring per diem charges totaling $74,231.00 (Exhibits B1-B63).

7. Plaintiff has performed all acts required to be performed by plaintiff.

8. Defendant has failed and refused and continues to fail and to refuse to remit the $74,231.00 due, although duly demanded.

9. By reason of the foregoing, plaintiff has sustained damages in the amount of $74,231.00 which, although duly demanded, have not been paid.

## AS AND FOR A SECOND CAUSE OF ACTION

10. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-3, inclusive of this Complaint, with the same force and effect as if fully set forth at length herein.

11. On or about the dates and at the ports of shipment set forth in Schedule A, hereto, defendant delivered certain goods to plaintiff for the purpose of having the goods carried by plaintiff to the consignees and/or their agents, in consideration of payment by defendant to plaintiff of ocean freight and related charges in the amount of $1,149.00, calculated pursuant to plaintiff's tariff, all as set forth in Schedule A, hereto.

12. Thereafter, the goods were transported to the ports of discharge and delivered to the consignee and/or its agent.

13. Plaintiff has performed all acts required to be performed by plaintiff.

14. Defendant has failed and refused and continues to fail and to refuse to remit the $1,149.00 due, although duly demanded.

15. By reason of the foregoing, plaintiff has sustained damages in the amount of $1,149.00 which, although duly demanded, have not been paid.

WHEREFORE, plaintiff prays:

1. On the First Cause of Action - for judgment in the amount of $74,231.00, together with interest thereon from the respective dates due, costs, disbursements, and a reasonable attorney's fee.

2. On the Second Cause of Action – for judgment in the amount of $1,149.00, together with interest thereon from the respective dates due, costs, disbursements, and a reasonable attorney's fee.

3. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing it to appear and answer all the singular matters aforesaid.

4. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: New York, New York
       October 21, 2010

        LAW OFFICES OF
        ALBERT J. AVALLONE & ASSOCIATES

By _____
    Albert J. Avallone - AA1679
    Attorneys for Plaintiff
    ZIM INTEGRATED SHIPPING
    SERVICES, LTD.
    551 Fifth Avenue, Suite 1625
    New York, NY 10176
    (212) 696-1760

SCHEDULE A

I. <u>Particulars</u>:

    1. Bill of Lading No. ZIMUORF326820, dated January 29, 2010, from New York to Manila on the Vessel IM HAIFA, one (1) twenty-foot container at the applicable tariff charge of $1,049.00 (Exhibit C).
Amount Paid: $0                        Amount Due: $1,049.00

    2. Bill of Lading No. ZIMUORF337227, dated April 25, 2010, from New York to Cape Town on the Vessel ZIM SHENZEN, one (1) container at the applicable tariff charge of $5,362.00 (Exhibit D).
Amount Paid: $5,262.00              Amount Due: $100.00

II. <u>Total Amount Due: $1,149.00</u>